**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IN RE: JOHN FINK, JR. and
LEONA M. FINK,

                        Debtors.
_____/

JOHN FINK, JR. and
LEONA M. FINK,

                        Appellants,

-vs-                                     Case No.  2:06-cv-533-FtM-34DNF
                                           Bankr. No. 9:06-bk-01742-ALP

JON M. WAAGE,
CHAPTER 13 TRUSTEE

                        Appellee.
_____/

## ORDER

**THIS CAUSE** is before the Court on an appeal from the United States Bankruptcy Court's August 29, 2006 Order determining the reasonableness of attorney's fees received by Appellants' Counsel in the above Chapter 13 bankruptcy case. Appellants John Fink, Jr. and Leona M. Fink (collectively "the Appellants") filed their initial brief on November 15, 2006. See Brief of Appellants (Dist. Dkt. No. 10; Initial Brief).[1] On December 27, 2006, Appellee, the Chapter 13 Trustee, filed an answer in opposition to the Initial Brief. See

---

[1] In the instant Order, the Court will refer to the docket numbers from this Court as "Dist. Dkt. No. ___". Docket numbers assigned by the bankruptcy court will be referred to as "Bank. Dkt. No. ___."

Answer Brief of Appellee (Dist. Dkt. No. 13; Answer).[2] The Appellants filed a reply to the Answer on February 2, 2007.[3] See Reply Brief of Appellant (Dist. Dkt. No. 16; Reply). Accordingly, this appeal is ripe for review.

## I. PROCEDURAL HISTORY

On April 17, 2006, Appellants filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in the Fort Myers Division of the United States Bankruptcy Court for the Middle District of Florida. See generally Voluntary Petition (Bank. Dkt. No. 1; Voluntary Petition). As part of the paperwork included in the Voluntary Petition, Appellants' Counsel, Edward R. Miller, Richard J. Hollander, and Gregory A. Champeau of the law firm of Miller and Hollander, filed a statement disclosing their compensation in accordance Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. See id. at 50; Initial Brief at 8; F.R.B.P. 2016(b). In this statement, Counsel disclosed that Appellants had agreed to pay them $3,000 for services rendered or to be rendered in connection with their bankruptcy case and that, as of the date of the filing, they had received a total of $2,000.00. See Voluntary

---

[2] Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure requires an Appellee to "serve and file a brief within 15 days after service of the brief of Appellant." F.R.B.P. 8009(a)(2). Thus, Appellee's Answer was initially due on November 30, 2006. See id. However, Appellee filed a motion asking the Court for an extension of time to file his Answer on November 20, 2006. See Appellee's Motion for Enlargement of Time to File Reply Brief (Dist. Dkt. No. 11; Appellee's Motion). In an Order dated November 27, 2006 (Dist. Dkt. No. 12), the Court granted Appellee's Motion and directed Appellee to file his Answer within 30 days of the Order. As noted above, the Appellee filed his Answer on December 27, 2006. Thus, the Answer was timely filed.

[3] Under Rule 8009(a)(3) of the Federal Rules of Bankruptcy Procedure, Appellants' Reply was due within 10 days after service of Appellee's Answer. See F.R.B.P. 8009(a)(3). However, on January 8, 2007, Appellants filed a motion seeking an extension of time to file their Reply. See Appellants' Motion for Enlargement of Time in Order to File Reply Brief (Dist. Dkt. No. 14; Appellants' Motion). On January 8, 2007, the Court granted Appellants' Motion and directed Appellants to file their Reply within 25 days of the date of the Order. See Order (Dist. Dkt. No. 15) at 2. As noted above, Appellants filed their Reply on February 2, 2007. Accordingly, the Reply was timely filed.

Petition at 50. Counsel further represented that Appellants had also agreed to pay the filing fee, other fees for amendments and an additional $350.00 per hour, plus costs, for any adversary proceedings, motions, or hearings other than the creditor's meeting. See id.

Two days later the Clerk of the Court issued a Notice of Initial Chapter 13 Confirmation Meeting (Bank. Dkt. No. 7; Notice of Confirmation Meeting) which provided that the bankruptcy court would be holding a confirmation hearing on Appellants' Chapter 13 plan on June 19, 2006. See Notice of Confirmation Hearing at 1. In the Notice of Confirmation Hearing, the Clerk of the Court noted that "all pending motions and objections, including any motion to dismiss and any objections to confirmation or objections to claims, will be considered on a preliminary, non evidentiary basis." See id.

On June 16, 2006, Appellants' Counsel filed an Application for Allowance of Attorney's Fees (Bank. Dkt. No. 18; Fee Application) with the bankruptcy court. In the Fee Application, Counsel included a list of services they agreed to render for the $3,000.00 fee. See Application at 1-3. Thereafter, during the Initial Confirmation Hearing held on June 19, 2006, Counsel Campeau advised the bankruptcy judge of the Fee Application. See Transcript of the June 19, 2006 Hearing (Bank. Dkt. No. 35) at 3. After Counsel Champeau informed the judge about the monetary terms of the fee agreement between his firm and Appellants, the following exchange occurred between counsel and the judge:

> THE COURT: Was there any litigation postpetition?
>
> MR. CHAMPEAU: No, Judge, there was no litigation. However, there are some exceptional circumstances in this case.
>
> THE COURT: Such as?

>        MR. CHAMPEAU:    These Debtors were victims of identity theft. They have a litany of unsecured creditors, in excess of 35 creditors. They also had state court litigation that was going on. We had to file suggestions of bankruptcy. There was the objection to confirmation that we needed to resolve with the Lee County Tax Collector. And they also had issues regarding 522(o) and (p), because they had purchased their home - -
>
>        THE COURT:    Was it litigated?
>
>        . . .
>
>        MR. CHAMPEAU:    No, Judge, but researched.
>
>        THE COURT:    What was the research about?
>
>        MR. CHAMPEAU:    Well, first of all, we had to factually find out what the circumstances were regarding the purchase of their property, the amounts that they received, the source of the funds. And then we looked into 522(o) and (p) to make sure there wasn't any problems.
>
>        THE COURT:    All right.

See id. at 3-4.

On July 24, 2006, Appellants filed a Supplemental Application for Allowance of Attorney's Fees (Bank. Dkt. No. 23; Supplemental Fee Application). The Supplemental Fee Application indicated that, in addition to the legal services noted in the initial Fee Application, Counsel had also filed a motion to avoid a judgment lien that was filed by Chase Bank, USA. See id. at 3.

On August 29, 2006, the bankruptcy court entered an Order on Application for Allowance of Attorney's Fees (Bank. Dkt. No. 27; Order) determining that $2,000.000 was a reasonable fee for the services rendered by Counsel. See Order. After noting that Counsel previously received $2,000.00 for the services they rendered, the bankruptcy court stated that Counsel was not entitled to any additional allowance of attorney's fees. See id.

## II.   STANDARD OF REVIEW

This Court has jurisdiction to hear an appeal from a final judgment entered by the United States Bankruptcy Court. See 28 U.S.C. § 158(a).  In functioning as an appellate court, the Court reviews de novo the legal conclusions of a bankruptcy court but must accept a bankruptcy court's factual findings unless they are clearly erroneous.  See In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993). "A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  In addition, the Court may not make independent factual findings.  See In re JLJ Inc., 988 F.2d at 1116; In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).  Accordingly, "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings."  In re JLJ Ind., 988 F.2d at 1116.

The Court reviews a bankruptcy court's award or denial of attorney's fees for an abuse of discretion.  See Matter of U.S. Golf Corp., 639 F.2d 1197, 1201 (5th Cir. 1981)[4]; In re Beverly Mfg. Corp., 841 F.2d 365, 369 (11th Cir. 1988).  A bankruptcy court abuses its discretion in issuing a decision on attorney's fees by failing to apply the proper legal standard, not following proper procedures in making the determination, or basing an award on findings of fact that are clearly erroneous.  See Matter of U.S. Golf Corp., 639 F.2d at 1201; In re Beverly Mfg. Corp., 841 F.2d at 369.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**III.    DISCUSSION**

Appellants argue that, in two other Chapter 13 cases (the Consolidated Cases), the bankruptcy court improperly set an arbitrary, and/or presumptively reasonable fee of $2,000.00 for the filing of a Chapter 13 case. See Initial Brief at 13-17.[5] The Court declines to address, in this action, an error that Appellants believe the bankruptcy court made in the Consolidated Cases. Such an issue is not properly before the Court in the instant case, rather it must be addressed in the proceeding in which the error is alleged to have occurred.

To the extent that Appellants contend that the bankruptcy court must have based its determination of the instant fee on this "arbitrary fee," this contention finds no support in the record of the instant case. Indeed, Appellants' argument is based entirely upon citation to the record in the Consolidated Cases. Nothing in that record suggests that the bankruptcy court, in future cases, would not permit a properly supported award of attorney's fees greater than $2,000.00. Moreover, nothing in the bankruptcy court's order in the instant case indicates that the court was relying on the statements made in the Consolidated Cases rather than an independent determination that the information submitted did not justify an award in excess of $2,000.00. Thus, Appellants' supposition regarding the basis for the bankruptcy court's decision in this matter is nothing more than their own speculation.

---

[5] Appellants also argue that the bankruptcy court abused its discretion by failing to afford their Counsel "notice and a hearing", as required by Rule 2017 of the Federal Rules of Bankruptcy Procedure, before entering the Order determining that $2,000.000 was a reasonable fee for the services rendered. See Initial Brief at10-13; see also F.R.B.P. 2017(a). As the Court finds that this case is due to be remanded on another ground, it need not address this issue at this time. Nevertheless, on remand, the bankruptcy court may wish to consider whether it satisfied the "notice and a hearing" requirements of Rule 2017.

Nevertheless, upon review of the record on appeal, the Court finds that this case is due to be remanded as this Court is unable to determine how the bankruptcy court arrived at the fee determined to be reasonable. As noted by the Eleventh Circuit Court of Appeals in Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988), although a court has wide discretion in determining the reasonableness of attorney's fees based on its own experience, the court must articulate its decisions and give principled reasons for those decisions in order to allow meaningful appellate review. See also Thompson v. Pharmacy Corp. of America, 334 F.3d 1242, 1244 (11th Cir. 2003) (stating that a court's explanation for a fee determination "must be sufficiently stated so that meaningful appellate review is possible."); Blount v. Tuscaloosa County, Ala., 149 Fed. Appx. 943, 944 (11th Cir. 2005) (reversing a district court's grant of attorney's fees where the district court merely stamped "Granted" on a motion for attorney's fees and failed to describe how it reached the fee amount.). In the instant case, the bankruptcy court provided no explanation as to how it determined the amount of the fee found to be reasonable. Indeed, in the Order, the bankruptcy court summarily concluded that $2,000.000 was a reasonable fee for the services rendered by Counsel and, as Counsel had already received $2,000.00 from Appellants, they were not entitled to an additional allowance of attorney's fees. See Order. Thus, the Court cannot determine, without speculating, how the bankruptcy court arrived at the $2,000.00 fee.

In light of the foregoing, the Court remands this case to the bankruptcy court in order to enable the court to provide a complete explanation of its basis for finding that $2,000.00

was a reasonable fee for the services rendered by Counsel in the instant case.

Accordingly, upon due consideration, it is hereby **ORDERED**:

1. The bankruptcy court's Order dated August 29, 2006, is **REVERSED**.

2. This case is remanded to the bankruptcy court with instructions to provide an explanation as to how it determined that $2,000.00 was a reasonable fee for the services rendered by Counsel in the instant case.

3. The Clerk of the Court is directed to transmit a certified copy of this Order to the Clerk of the bankruptcy court.

4. The Clerk of the Court is further directed to enter judgment consistent with this order and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of September, 2007.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

The Honorable Alexander L. Paskay
United States Bankruptcy Judge

Counsel of Record